UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
NO. 4:96-CR-54-BO-2

| | |
|---|---|
| WESLEY HODGE, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

This cause comes before the Court on petitioner's motion for an extension of time [DE 149] and petitioner's motion to amend his 28 U.S.C. § 2255 motion [DE 167]. For the following reasons, petitioner's motion for extension of time is DENIED and the Court construes petitioner's motion to amend as one under 28 U.S.C. § 2255 and DISSMISSES the motion as second or successive.

## BACKGROUND

On March 24, 1997, a jury found petitioner guilty of conspiracy to distribute a controlled substance. [DE 56]. This Court sentenced petitioner to life imprisonment and 10 years' supervised release on July 28, 1997. [DE 64]. On November 17, 1998, the Fourth Circuit Court of Appeals affirmed petitioner's sentence by unpublished per curiam opinion. [DE 75, 76]. On October 25, 1999, petitioner filed a motion to vacate under 28 U.S.C. § 2255. [DE 81]. On November 24, 1999, the government moved to dismiss, or in the alternative, for summary judgment of that motion. [DE 86]. On June 12, 2001, the Court granted the government's motion for summary judgment and dismissed his § 2255 motion. [DE 110]. On February 6, 2002, the Fourth Circuit dismissed petitioner's appeal of that order. [DE 112, 114]. On March 31, 2006, this Court construed a motion of petitioner's as a second or successive petition under § 2255 and

also dismissed petitioner's motion for reconsideration regarding the earlier § 2255 as untimely filed. [DE 118]. On November 3, 2006, the Fourth Circuit dismissed petitioner's appeal from that order as well. [DE 124]. On March 24, 2010, this Court denied petitioner's motion for a reduction in sentence regarding a crack cocaine offense pursuant to 18 U.S.C. § 3582. [DE 146]. Petitioner did not appeal that order.

On August 6, 2012, petitioner moved to appoint *Simmons* counsel and on August 8, 2012, pursuant to a standing order, petitioner was appointed *Simmons* counsel. On August 15, 2012, petitioner moved this Court for an extension of time to file his *Simmons* claim. [DE 149]. On May 28, 2013, the Federal Public Defender moved to withdraw as petitioner's attorney after reviewing his case and finding no *Simmons* issues. [DE 164]. The Court granted that motion on May 30, 2013. [DE 165]. On June 23, 2014, petitioner filed a motion to amend his original § 2255 motion contending that there is an issue raised by *Alleyne v. United States*, 133 S. Ct. 2151 (2013) that entitles him to relief from his original judgment of conviction.

## DISCUSSION

First, the Court notes that petitioner's motion for an extension of time to file a *Simmons* claim is denied as the Federal Public Defender reviewed his case, found no *Simmons* issues, and moved to withdraw as petitioner's attorney.

The relief that is requested in petitioner's motion to amend his original § 2255 petition is that which would result from a successful motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. Thus, the Court re-characterizes it as a new § 2255 petition. *United States v. Winestock*, 340 F.3d 200, 206–07 (4th Cir. 2003) ("a motion directly attacking the prisoner's conviction or sentence will usually amount to a successive application" as will

2

"new legal arguments or proffers of additional evidence"); *see also United States v. Rich*, 141 F.3d 550, 551 (5th Cir. 1998).

The Antiterrorism and Effective Death Penalty Act of 1996 provides that a second or successive petition must be certified by a panel of the appropriate court of appeals to contain either "newly discovered evidence . . . or a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. 2255(h)(1)–(2). Absent pre-filing authorization, this Court lacks jurisdiction to consider a second or successive petition. *Winestock*, 340 F.3d at 205.

As the instant motion attacks the same conviction and sentence as was earlier challenged by petitioner's prior § 2255 motion, it is properly construed as a second or successive § 2255 petition and this Court is without jurisdiction to consider it in the absence of a pre-filing authorization from the court of appeals. Further, Mr. Hodge is not required to receive notice of the Court's re-characterization of the motion as it has been found to be second or successive. *See United States v. Emmanuel*, 288 F.3d 644, 650 (4th Cir. 2002); *United States v. Cooley*, 332 F. App'x 886, 887 (4th Cir. 2009) (unpublished). Accordingly, petitioner's motion is dismissed.

## CERTIFICATE OF APPEALABLITY

Rule 11 of the Rules Governing Section 2255 Cases ("Habeas Rules") provides "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Having determined that petitioner is not entitled to relief and the government is entitled to dismissal of the petition, the Court considers whether petitioner is nonetheless entitled to a certificate of appealability with respect to one or more of the issues presented in his habeas petition. After reviewing the claims presented in the petition in light of the applicable standard,

3

the Court finds that the petitioner's claims are not deserving of encouragement to proceed further. This Court hereby DENIES petitioner a certificate of appealability.

## **CONCLUSION**

For the foregoing reasons, petitioner's motion for an extension of time [DE 149] is DENIED. Because Mr. Hodge's motion to amend [DE 167] is construed as a second or successive petition pursuant to § 2255, the requested relief cannot be granted and the motion must be DISSMISSED. The petitioner is DENIED a certificate of appealability.

SO ORDERED,

this __3__ day of November, 2014.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

4